IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      Case No. 18-CR-01819 MV

PADDY PLATERO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Paddy Platero's Motion for Compassionate Release. Doc. 73. The government filed a response in opposition [Doc. 75] and Mr. Platero filed a reply [Doc. 77]. Both parties also filed supplemental exhibits. Docs. 74 and 76. Having considered the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that it lacks jurisdiction to decide the motion and will **DEFER** ruling on it under Rule 37 of the Federal Rules of Criminal Procedure until the Tenth Circuit resolves Mr. Platero's pending appeal.

## BACKGROUND

This case began on May 30, 2018, when Mr. Platero was charged by indictment with one count of Abusive Sexual Contact in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). Doc. 2. The charge arose after Mr. Platero admitted to the Federal Bureau of Investigations (FBI) that he had sexually assaulted his 11-year-old granddaughter, Jane Doe, by rubbing her feet on his penis through his clothing in December 2014. Doc. 52 at 3–5. He was later arrested and pled guilty to the indictment on April 4, 2019. Doc. 34. On October 3, 2019, the Court sentenced Mr. Platero to 97 months of imprisonment in the Bureau of Prisons (BOP) after considering the factors

set forth in 18 U.S.C. § 3553(a) and hearing Jane Doe and her mother, Lucynthia DeClay, describe the devasting effects that Mr. Platero's actions in this case had on them and their family. Doc. 59 at 2, Doc. 68.

On November 15, 2019, Mr. Platero filed a notice of appeal [Doc. 60], which the Tenth Circuit docketed three days later [Doc. 64]. In the appeal, Mr. Platero argues that this Court committed plain error by using the wrong base offense level when calculating his guidelines range of imprisonment under the Sentencing Guidelines. Appellant's Opening Brief at 9–10, *United States v. Paddy Platero*, No. 19-2193, ECF No. 10760908 (10th Cir. Mar. 30, 2020). He accordingly asks the Tenth Circuit to set aside his sentence and remand the case for resentencing. *Id*. at 10. Oral argument is scheduled in the case for January 7, 2021. *See id*. at ECF No. 10786751. Absent relief on appeal, Mr. Platero is projected to be released from the BOP on August 15, 2026. Doc. 75 Ex. 3 at 2.

## DISCUSSION

In the instant motion, Mr. Platero asks the Court to grant him compassionate release by reducing his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 73 at 1. He argues that his medical vulnerability to COVID-19 while in custody gives rise to "extraordinary and compelling reasons" justifying his release. *Id*. at 4–14. Specifically, Mr. Platero points to the fact that he is 65 years old and suffers from a number of serious health problems, including hypertension, hyperlipidemia, type II diabetes, glaucoma, and colon cancer (in remission). *Id*. at 5. He also had his gallbladder removed last year after complaining of stomach pain, at which point doctors noticed abnormalities on his liver as well, which they biopsied for cirrhosis. *Id*. Mr. Platero argues that these conditions put him at risk of serious illness or death when combined with the threat of COVID-19, which has spread widely throughout prisons and jails because of the

difficulty of implementing necessary preventative measures such as social distancing and rigorous hygiene in a correctional setting. *Id*. at 14–16. Mr. Platero further argues that the § 3553(a) factors support his release because he does not pose a danger to the community and because he can remain under the supervision of the United States Probation Office (USPO) if released to home confinement. *Id*. at 16–19. Finally, he submits that he has satisfied § 3582(c)(1)(A)(i)'s exhaustion requirement because he applied to the warden of his BOP facility for compassionate release and his application was denied in August. *Id*. at 4.

In response, the government argues that the Court has no authority to decide Mr. Platero's motion because, under controlling precedent, his pending appeal in the Tenth Circuit divests the Court of jurisdiction to reduce his sentence. Doc. 75 at 3. The Court agrees. In *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56 (1982) (per curiam), the Supreme Court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id*. at 58 (citations omitted); *see also United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) (noting the rule that "a notice of appeal divests [the district court] of jurisdiction as to matters pending on appeal"). In light of *Griggs*, a number of district courts around the country have recently held that they lack jurisdiction to hear defendants' motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) while their appeals are pending. *See, e.g., United States v. Vigna*, 455 F. Supp. 3d 68, 72 (S.D.N.Y. 2020); *United States v. Martin*, 18-CR-834, 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020) (unreported); *United States v. Vandegrift*, ---F. Supp. 3d---, 2020 WL 6049707, at *1 (W.D.N.Y. Oct. 13, 2020) (unreported); *United States v. Alghaithi*, 16-CR-01430, 2020 WL 6305484, at *1 (D. Az. Oct. 28, 2020) (unreported). *See also United States v. Ward*, 01-40050-01-DDC, 2019 WL 1620439, at *3 (D. Kan. Apr. 16, 2019)

(unreported) (same for motion for resentencing under Section 404(b) of the First Step Act). These cases are also consistent with Rule 37 of the Federal Rules of Criminal Procedure, the commentary to which lists "motions under 18 U.S.C. § 3582(c)" as an example of the kind of motion for relief that district courts lack the authority to grant in the event of a pending appeal. *See* Advisory Committee Notes to Fed. R. Crim. P. 37.

In replying that the Court has jurisdiction to decide the instant motion notwithstanding his pending appeal, Mr. Platero cites to a case from the United States District Court for the Eastern District of Michigan, *United States v. Gordon*, No. 92-81127, 2020 WL 4788023 (E.D. Mich. Aug. 18, 2020) (unreported). Doc. 77 at 1. There, the district court found that it had jurisdiction to decide a defendant's motion for compassionate release notwithstanding the fact that he was in the process of appealing the denial of an earlier motion for resentencing under the First Step Act because it found that the motion for compassionate release "in no way relat[ed]" to "any aspect" of the First Step Act motion on appeal. *Id*. at *3. *Gordon* is persuasive authority, and the Court is not persuaded that its reasoning is consistent with the Supreme Court's holding in *Griggs* or the weight of the authority on this issue. *See supra* at 3. Ultimately, the Court believes that Mr. Platero's motion for compassionate release is necessarily related to his pending appeal because both focus on his sentence in this case and ask the respective courts to reduce it. *See supra* at 2. The instant motion accordingly implicates an "aspect[] of the case involved in the appeal" and this Court has no jurisdiction to decide it under *Griggs*. 459 U.S. at 58.

That leaves the Court with three options under Rule 37: (1) defer considering the motion until Mr. Platero's appeal is resolved; (2) deny the motion outright; or (3) issue an advisory ruling stating that the Court would grant the motion if the Tenth Circuit remands the case for that purpose or that the motion otherwise raises a substantial issue. Fed. R. Crim. P. 37(a). Mr. Platero asks

4

the Court to issue an advisory ruling stating that it would grant the motion if given the opportunity to do so. Doc. 77 at 2. The government asks the Court to either deny the motion outright or defer ruling on it until the resolution of the pending appeal. Doc. 75 at 4. The Court has carefully considered each of these options and concludes that the best course of action is to defer ruling on the motion under Rule 37(a)(1). Fed. R. Crim. P. 37(a)(1). Such a deferral balances the seriousness of Mr. Platero's medical conditions and the risk he faces due to COVID-19 with the seriousness of his offense in this case and the fact that the § 3553(a) factors weigh against his immediate release so early in his term of imprisonment. Deferring a ruling on the motion until Mr. Platero's appeal in the Tenth Circuit is resolved also gives the parties the opportunity to gather more evidence about the management of his medical conditions in the BOP and whether his health is improving, stagnating, or deteriorating. Once Mr. Platero's appeal is resolved, the Court will hold an evidentiary hearing on the motion to allow the parties to present the most up-to-date information on his condition and the spread of COVID-19 in his federal prison (if the Tenth Circuit remands the case for resentencing, the Court will consider that information in the context of the resentencing).

Finally, the Court notes that the BOP has the ability to grant federal inmates like Mr. Platero temporary release from custody for medical reasons under 18 U.S.C. § 3622. This is an important tool to protect medically vulnerable inmates against COVID-19, and one that only the BOP has the statutory authority to use. *See, e.g., United States v. Roberts*, ---F. Supp. 3d---, 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) ("[T]he decision of whether to grant … a furlough under Section 3622 is committed to the sole discretion of the BOP."). When the BOP had the sole discretion to use another tool to protect inmates' health—compassionate release—its failure to do so led Congress to grant the courts that power in the First Step Act. *See United States v. Jones*,

2020 WL 6817488, at *3–4 (6th Cir. Nov. 20, 2020) (describing a "bipartisan coalition in Congress" who were "[f]rustrated with the BOP's conservative approach" to compassionate release and noting that the BOP "approved only 6% of 5,400 compassionate release applications received between 2013 and 2017," as a result of which "266 persons died in custody waiting for the Director [of the BOP] to review their applications, half of whom were serving time for nonviolent fraud or drug crimes."). The Court hopes that the BOP will be more liberal in its use of temporary medical furloughs under § 3622 in the face of COVID-19, and it urges the government and the BOP to consider such a furlough if it appears at any time that doing so will be necessary to protect Mr. Platero's health while his appeal is still pending.

## CONCLUSION

For the foregoing reasons, the Court hereby **DEFERS** ruling on Mr. Platero's Motion for Compassionate Release [Doc. 73] pursuant to Rule 37(a)(1) of the Federal Rules of Criminal Procedure until the Tenth Circuit resolves his pending appeal in case number 19-2193.

Dated this 9th day of December, 2020.

The Honorable MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE